IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|     Respondent/Plaintiff,     ) | |
| vs.     ) | No. 3:03-CR-0018-P |
| ) | No. 3:04-CV-1455-P |
| GILBERTO RODRIGUEZ-CASTILLO,     ) | ECF |
| ID # 30832-077,     ) | |
|     Movant/Defendant.     ) | |

## MEMORANDUM OPINION AND ORDER

The Court has under consideration three motions filed by movant: (1) a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255; (2) a Motion to Request "Leave of Court" to Amend Movant's Motion Under 28 U.S.C. § 2255; and (3) a Motion to Enter Order. Movant is a prisoner currently incarcerated in the federal prison system. The respondent is the United States of America (government).

### I. BACKGROUND

In January 2003, a grand jury indicted movant for illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). In that same month, the Court set a revocation hearing in Cause No. 3:97-CR-0268-T before the Honorable Robert B. Maloney.[1] On February 20, 2003, Judge Maloney revoked movant's supervised release in Cause No. 3:97-CR-0268-T, and sentenced movant to eighteen months incarceration.

On May 2, 2003, movant pled guilty in this case. In his plea agreement, he waived his right to appeal from his conviction and sentence, and further waived his right to contest his conviction and sentence in any collateral proceeding. Nevertheless, he specifically reserved the right to appeal

---

[1] In Cause No. 3:97-CR-0268-T, movant pled guilty to illegal reentry by an aggravated felon after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2).

(a) any sentence exceeding the statutory maximum punishment, (b) an upward departure from the guideline range deemed applicable by the district court, (c) arithmetic errors at sentencing, and (d) a claim of ineffective assistance of counsel. On August 27, 2003, the Court sentenced movant to ninety-six months imprisonment, and ordered the sentence to run consecutive to movant's undischarged term of imprisonment in Cause No. 3:97-CR-0268-T.

Movant filed an appeal wherein he argued that (1) he received excessive criminal history points for prior convictions; (2) his criminal history score over-represents the seriousness of his criminal history; (3) the district court should have downwardly departed from the applicable guideline range; and (4) he should not have received a sixteen-level increase to his offense level for a prior conviction for a crime of violence. His court-appointed attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and the Fifth Circuit Court of Appeals dismissed the appeal after finding "no nonfrivolous issue for appeal."

Movant thereafter filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 wherein he claims that his attorney rendered ineffective assistance by (1) permitting him to be sentenced based upon inaccuracies in the presentence report (PSR) and (2) failing to adequately communicate with him. Movant asserts that he called his attorney's attention to material errors in the PSR, but his attorney ignored his instructions to challenge the errors and demeaned him by calling him "an idiot." In a "Sentencing Memorandum" filed contemporaneously with the § 2255 motion, movant argues that his criminal history score over-represents the seriousness of his criminal history and that he should not have received a sixteen-level increase to his offense level.

The government argues that, because the Court considered all objections to the PSR (both those filed by counsel and those filed pro se by movant), movant cannot show that he was prejudiced

by the alleged inaccuracies in the PSR. With respect to the alleged failure to communicate, the government argues that the Court should deny such claim as conclusory because movant fails to identify what his attorney should have communicated to him and fails to show how additional communication would have altered the outcome at sentencing. Lastly, to the extent that the Court construes the § 2255 motion as raising a claim that it improperly calculated movant's criminal history score, the government argues that such claim is not cognizable on collateral review.

Movant thereafter filed the pending motion for leave to amend his § 2255 motion. In the proposed amended § 2255 motion, movant argues only that his attorney rendered ineffective assistance of counsel by not objecting to the sixteen-level enhancement for a prior conviction for a crime of violence. In the memorandum in support of the proposed amended § 2255 motion, movant argues that (1) his trial attorney failed to object to the application of USSG §§ 2L1.2(b)(1)(A) (providing for sixteen-level increase to offense level for a prior conviction for a crime of violence), 5D1.1 (addressing terms of supervised release), and 5G1.3 (addressing sentences for defendants who are subject to an undischarged term of imprisonment); (2) his appellate attorney failed to adequately appeal his sentence due to the enhancement of his sentence based upon those provisions of the sentencing guidelines; and (3) his attorneys failed to raise a challenge under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) at sentencing or on appeal.

On October 2, 2006, the Court received a "Motion to Enter Order" wherein movant urges the Court to enter an order in this case because the Court had not yet ordered the government to respond to his amended § 2255 motion.

## II. MOTION TO ENTER ORDER

Movant urges the Court to enter an order related to his motion for leave to amend. He provides no basis for such motion, and the Court knows of no basis for such motion. Consequently, the Court denies the motion to enter order. By the instant memorandum opinion and order, furthermore, the Court fully resolves movant's § 2255 motion to vacate and his motion for leave to amend. Any further order of the Court is thus unnecessary.

## III. MOTION TO AMEND

Rule 15 of the Federal Rules of Civil Procedure applies to motions to vacate filed pursuant to 28 U.S.C. § 2255. *United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002). Once the government files an answer, a movant may amend his motion to vacate "only by leave of the court or by written consent of the adverse party." *See* Fed. R. Civ. P. 15(a). Whether to grant leave to amend lies within this Court's sound discretion. *Robinson v. Wade*, 686 F.2d 298, 304 (5th Cir. 1982). Rule 15(a) directs the courts to freely grant leave to amend "when justice so requires." That standard guides the courts whenever a party seeks leave to amend. Despite the liberal standard for granting leave, the courts do not automatically grant leave whenever requested. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The Supreme Court long ago set forth the standard for determining when justice requires granting a request to amend:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

4

In this instance, the Court finds no merit to the claims sought to be raised in the amended § 2255 motion, and thus denies movant leave to amend his motion. Movant alleges deficiencies of counsel related to sentencing and appeal. To succeed on a claim of ineffective assistance of counsel movant must demonstrate a deficiency of counsel and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). This test applies to allegations of ineffective assistance of trial and appellate counsel. *See Phillips*, 210 F.3d at 348. It also applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). A failure to establish either of the *Strickland* prongs generally requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

**A. <u>Ineffective Assistance of Counsel at Sentencing</u>**

In his proposed amended § 2255 motion, movant alleges that his attorney rendered ineffective assistance at sentencing by failing to raise an *Apprendi* challenge and failing to object to the application of USSG §§ 2L1.2(b)(1)(A), 5D1.1, and 5G1.3.

To determine whether counsel's performance is constitutionally deficient under *Strickland*, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." 466 U.S. at 689. In the context of ineffective assistance of counsel at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. *See id.* at 200.

5

In this case, the maximum sentence for a violation of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2) is twenty years. Consequently, movant's ninety-six month sentence does not exceed the statutory maximum, there is no *Apprendi* error, and counsel was not deficient in raising an *Apprendi* challenge.

With respect to the failure to object to the applicability of § 2L1.2(b)(1)(A), the Court likewise finds no deficiency of counsel. Under that provision of the sentencing guidelines, the Court increased movant's offense level by sixteen levels for a prior crime of violence. Movant's prior conviction for burglary of a habitation is a crime of violence for purposes of § 2L1.2(b)(1)(A). *See United States v. Garcia-Mendez*, 420 F.3d 454, 457 (5th Cir. 2005) (establishing that the Texas crime of burglary of a habitation, Texas Penal Code § 30.02, "is equivalent to the enumerated [crime of violence] offense of 'burglary of a dwelling'"), *cert. denied*, 126 S. Ct. 1398 (2006). Counsel thus had no basis to lodge an objection to the sixteen level increase.

With respect to the failure to object to the applicability of § 5D1.1, the Court also finds no deficiency of counsel. Section 5D1.1 provides for "a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed." Because the Court sentenced movant to ninety-six months imprisonment, counsel had no basis to object to the imposed term of supervised release.

With respect to the failure to object to the applicability of § 5G1.3, the Court finds no ineffective assistance of counsel. Section 5G1.3 applies when the Court imposes a sentence on a defendant who is subject to an undischarged term of imprisonment. Because movant was certainly subject to an undischarged term of imprisonment when the Court sentenced him, counsel had no basis to object to the general application of § 5G1.3. Defense counsel, nevertheless, specifically urged

6

the Court to run movant's sentence on the current illegal re-entry offense concurrently with the undischarged term of imprisonment, but the Court declined to do so. (*See* Sentencing Tr. at 6, 11-12.) Counsel thus unsuccessfully advocated for concurrent sentences. In any event, even if counsel had a basis to object to the consecutive sentences and failed to do so, movant has shown no prejudice from such failure. An application note to § 5G1.3 indicates a preference for consecutive sentences when an undischarged term of imprisonment results from the revocation of supervised release as was the case here. *See* USSG § 5G1.3, comment. (n.3(C)). The Court would have ordered that the instant sentence run consecutively to the undischarged term of imprisonment even if defense counsel had asserted a specific objection regarding § 5G1.3.

For the foregoing reasons, the Court finds that the proposed amended § 2255 motion presents no viable claim of ineffective assistance of counsel at sentencing.

## B. Ineffective Assistance of Counsel on Appeal

In his proposed amended § 2255 motion, movant alleges that his appellate attorney rendered ineffective assistance by not appealing his sentence based upon *Apprendi* and the application of §§ 2L1.2(b)(1)(A), 5D1.1, and 5G1.3.

An attorney need not raise every non-frivolous issue on appeal to be effective. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). To determine whether appellate counsel renders deficient performance by not raising claims on appeal, the Court must consider whether the omitted challenges "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *Id.*

7

In this instance, the omitted challenges had insufficient merit to warrant raising them on appeal. The Court thus finds no deficiency of appellate counsel. The proposed amended § 2255 motion presents no viable claim of ineffective assistance of appellate counsel.

## C. Summary Regarding Motion to Amend

For the foregoing reasons, the Court finds that the claims sought to be raised in movant's proposed amended § 2255 motion have no merit, and thus denies the motion for leave to amend. Justice simply does not require allowing an amendment to raise claims that have no merit. Accordingly, the Court proceeds to the claims as raised in the original motion to vacate.

## IV.  MOTION TO VACATE

In his original motion to vacate, movant claims that his attorney rendered ineffective assistance by (1) permitting him to be sentenced based upon inaccuracies in the PSR and (2) failing to adequately communicate with him.[2]

Movant has shown no ineffective assistance of counsel. At sentencing, the Court recognized objections that were filed by defense counsel and movant individually. (*See* Sentencing Tr. at 2.) It further recognized a PSR and addendums to the PSR that the probation office had prepared based upon information provided to it, including the objections. (*Id.*) It thereafter heard argument from counsel, and sentenced movant consistent with the PSR. (*Id.* at 2-12.) The Court considered all objections to the PSR, whether filed by counsel or individually by movant. Movant has shown no prejudice from the alleged inaccuracies in the PSR. He has also failed to identify what his attorney should have communicated to him and failed to show how additional communication would have

---

[2] The government suggests that movant may be asserting that the Court improperly calculated his criminal history score. To the extent that movant makes such claim, the Court finds that such claim entitles movant to no relief under § 2255 because such claim is not cognizable on collateral review.

altered the outcome at sentencing. Movant must affirmatively show prejudice from the alleged deficiencies of counsel. Because he has not done so, his claims of ineffective assistance of counsel necessarily fail. The Court thus denies the motion to vacate filed by movant.

## V. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## VI. CONCLUSION

For the foregoing reasons, the Court **DENIES** movant's Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255; his motion for leave to amend his § 2255 motion; and his motion to enter order.

**IT IS SO ORDERED.**

**Dated this 10th day of May 2007.**

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE